610 So.2d 700 (1992)
Emmanuel ROBERTS, Appellant,
v.
SAFEWAY INSURANCE COMPANY, as subrogee of Jacqueline Rahmings, Appellee.
No. 92-1495.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Rehearing Denied February 2, 1993.
Linda M. Smith, North Miami, for appellant.
Gary Kornfield, North Miami Beach, for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
Emmanuel Roberts appeals from an order denying his motion to set aside a default judgment. For the following reasons, we reverse.
On April 18, 1991, Safeway Insurance Company filed a subrogation action against Emmanuel Roberts for damages stemming from an accident involving Roberts' truck. Roberts' wife accepted service of the complaint, but never gave it to her husband or told him about it. On June 28, 1991, a default judgment was entered against Roberts. Roberts did not learn of the judgment until February, 1992, when he went to renew his driver's license. Roberts obtained counsel through a pro bono project. On May 5, 1991, his counsel moved to set aside the default judgment, alleging excusable neglect and a meritorious defense. The trial court denied the motion, indicating that insufficient reasons were given for failure to respond to the complaint.
*701 Roberts moved for reconsideration and filed affidavits in support of his motion. Roberts' wife averred in her affidavit that she had been arguing with her husband when she received service of the complaint, was not on speaking terms with him, and therefore did not give him the papers and disposed of them. In his affidavit, Roberts averred that he did not learn of the action until he tried to renew his driver's license, and that he sought to obtain an attorney through the Dade County Pro Bono Project. Not until March, 1992, was he able to meet with an attorney. Moreover, Roberts then spent several weeks trying to obtain police reports. As a meritorious defense, Roberts explained that on January 13, 1990, his truck  the vehicle involved in the accident  was stolen, and that he reported it stolen on the same day. The truck was recovered on January 17, 1990, following a high speed chase, and was towed to the police lot and impounded. The accident that was the subject of this subrogation action did not occur until January 21, 1990, four days after the truck was impounded. Roberts filed a proposed answer and affirmative defenses which set forth the matters averred to in the affidavits. The trial court denied the motion for reconsideration.
The trial court abused its discretion in denying the motion to vacate the default. Roberts' explanation for his failure to respond to the complaint in a timely manner constituted excusable neglect. See Diners Club, Inc. v. Brachvogel, 395 So.2d 1156 (Fla. 1981) (where husband failed to give wife complaint served against both or to inform her of service, and couple was having marital problems at the time, trial court did not abuse its discretion in vacating default judgment against wife); Shafey v. Tease, 332 So.2d 137 (Fla. 3d DCA 1976) (same). Although Roberts did not immediately move to set aside the default judgment upon learning of its existence, his affidavit establishes that he exercised due diligence under the circumstances. See Cinkat Transp., Inc. v. Maryland Casualty Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992) ("In considering a motion to set aside a default, courts must evaluate both the extent of the delay as well as the reasons for the delay.") (citation omitted). Finally, Roberts' affidavit and proposed answer and affirmative defenses certainly set forth a meritorious defense. Having met all three requirements for vacating a default judgment, Roberts was entitled to the relief requested.
Reversed and remanded for further proceedings.