801 So.2d 138 (2001)
LLOYD'S UNDERWRITER'S AT LONDON, Appellant,
v.
RUBY, INC., a Florida corporation, and Sphere Drake Insurance, Appellees.
No. 4D00-3731.
District Court of Appeal of Florida, Fourth District.
November 21, 2001.
Rehearing Denied December 21, 2001.
Thomas J. Morgan of Thomas J. Morgan, P.A., Coconut Grove, for appellant.
Todd C. Drosky of Gillespie & Allison, P.A., Boca Raton, for Appellee-Ruby, Inc.
*139 GROSS, J.
Lloyd's Underwriter's at London appeals a non-final order denying its motion to set aside a default.
Appellee Ruby, Inc., filed a lawsuit against Lloyd's and effected service through the Florida Insurance Commissioner on June 8, 2000. On July 5, 2000, Ruby filed a motion for default, which was entered by the clerk on July 13. On July 17, Lloyd's filed its motion to set aside the default.
The issue is whether Lloyd's failure to timely respond to the lawsuit amounted to excusable neglect.
The Department of Insurance, pursuant to section 48.151(1), Florida Statutes (2000), forwarded the complaint to Lloyd's registered agent at the New York law firm of Mendes and Mount. A paralegal with the firm mislaid the suit papers until June 26, when the firm sent the summons and complaint to London. The law firm's transmittal letter did not tell Lloyd's that it faced an impending deadline for responsive pleading.
Lloyd's received the paperwork, but the assigned broker was on vacation. The fax was misplaced by London office staff, only to be discovered on July 6, 2000. The suit documents were faxed back to the New York law firm on July 10 with instructions to secure Florida counsel to enter an appearance and defend the claim.
The trial court denied Lloyd's motion to set aside the default, ruling that while Lloyd's had shown a meritorious defense and due diligence in acting after discovery of the default, it had not established excusable neglect.
Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962). In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits." Id. at 853 (quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (Fla.1931)). An order denying a motion to vacate a default is reviewed under an abuse of discretion standard. See George v. Radcliffe, 753 So.2d 573, 575 (Fla. 4th DCA 1999). It is an order granting a motion to vacate which is reviewed under a gross abuse of discretion standard. Id. McKinzie By & Through McKinzie v. Hollywood, Inc., 421 So.2d 606, 607 (Fla. 4th DCA 1982).
In Shurgard Storage Centers, Inc. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999), we discussed the law applicable to this area:
This court has previously stated that "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Gateway Am. Bank of Fla. v. Lucky Jet Corp., 720 So.2d 1141, 1142 (Fla. 4th DCA 1998) (citations omitted).
We find that the trial court abused its discretion in failing to set aside the default in this case. Lloyd's filed its motion to set aside the default only four days after its entry. We reverse and remand with directions to set aside the default.
SHAHOOD, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I respectfully dissent.
*140 A trial court's decision to grant or deny a motion to set aside a default is a discretionary one. In North Shore Hospital, Inc., v. Barber, the supreme court stated "that a showing of gross abuse of a trial court's discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate." 143 So.2d 849, 852 (Fla.1962). Relying on George v. Radcliffe, the majority uses an abuse of discretion standard. 753 So.2d 573 (Fla. 4th DCA 2000). Under that standard, the court cannot find abuse of discretion if reasonable persons can differ as to the propriety of the trial court's action. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Judge Farmer specially concurred in Ray v. Thomson-Kernaghan & Co., Ltd. to urge the Court to apply the gross abuse of discretion standard in reviewing denials of a motion to vacate a default judgment. See 761 So.2d 1197 (Fla. 4th DCA 2000). He reminded this Court what Justice (then Judge) Anstead once wrote:
"the case law ... appears to be in a state of hopeless confusion. In the first instance trial courts are advised that they should follow a policy of liberality in exercising their discretion to vacate default judgments. On the other hand, appellate courts are advised that they must find a gross abuse of discretion by the trial court before disturbing its ruling on a motion to vacate.... Hence, there is a great deal of straining apparent in appellate opinions holding that the trial court erred in refusing to set aside a default."
Id. at 1199 (emphasis added) (quoting County Nat'l Bank of N. Miami Beach v. Sheridan, Inc., 403 So.2d 502, 503 (Fla. 4th DCA 1981)). The majority's opinion in this case reflects the fact that not much has changed in twenty years.
In this case, I can find neither a gross abuse of discretion nor mere abuse of discretion requiring a reversal of the trial court's ruling. The majority relies on this Court's decision in Shurgard Storage Centers, Inc. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999), which stated that "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation should be permitted to be heard on the merits." (emphasis added) (citations omitted). However, this is not a case of a "system gone awry," a misunderstanding, or a clerical or secretarial error. Instead, this is a case where the sophisticated litigant had no system in place for a clerk or secretary to follow, and thus there could be no mistake or deviation from such a system. In my view, this is a case of neglect alright, but not excusable neglect.
In Ray, the defendant, a CEO of a corporation who was personally served with a summons and complaint, failed to determine whether the corporation's attorneys filed an answer on his behalf. Ray, 761 So.2d 1197. The defendant moved to set aside the default. In affirming the trial court's decision denying the defendant's motion, this Court stated that the trial court properly relied upon the fact that the defendant was "familiar with litigation" and that the defendant did not show that his failure to file a responsive pleading was reasonable and excusable. Id. at 1199.
I do not understand why this Court cannot apply such rationale to Lloyd's of London, a sophisticated corporation. It is difficult to comprehend how Lloyd's, an insurance company extremely familiar with the legal process of the United States, can utterly disregard the rule at hand. Rule 1.500(a), Florida Rules of Civil Procedure, is simple: "When a party against whom *141 affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper." Moreover, being such a sophisticated corporation, Lloyd's surely understood that, in accordance with rule 1.140(a), Florida Rules of Civil Procedure, it was required to serve an answer within 20 days after service of original process and the initial pleading on the defendant. Once a default is entered, the party moving to set it aside must show excusable neglect as well as a meritorious defense. See Perry v. Univ. Cabs, Inc., 344 So.2d 914, 915 (Fla. 3d DCA 1977).
In my view, Lloyd's status as a corporation "familiar with litigation" combined with the facts of this case does not create a situation where no reasonable person could take the view adopted by the trial court. See Canakaris, 382 So.2d. at 1203. If this is not a situation where reasonable minds could differ, then what would be? In light of the majority's opinion, I cannot imagine under what circumstances a trial court's determination not to vacate a default would ever be upheld on appellate review. This case seems to illustrate the very "straining apparent in appellate opinions holding that the trial court erred in refusing to set aside a default." The majority's conclusion that the facts of this case amount to abuse of discretion propels trial judges even further into the state of "hopeless confusion" that Justice Anstead recognized so long ago.
In conclusion, after considering the totality of the circumstances, the trial court did not abuse its discretion in determining that Lloyd's did not establish excusable neglect. Therefore, I would affirm the trial court's denial of the motion to vacate.