863 So.2d 432 (2003)
Sundarampillai JEYANANDARAJAN, Appellant,
v.
Barry S. FREEDMAN and B.F. Enterprises, Inc., Appellees.
No. 4D03-548.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
Joel B. Blumberg of Joel B. Blumberg, P.A., West Palm Beach, for appellant.
William M. Layton, Lake Worth, for appellees.
PER CURIAM.
Appellant, Sundarampillai Jeyanandarajan, appeals from the final judgment entered against him after the trial court denied his motion to vacate a default judgment. He argues that he presented sufficient evidence of excusable neglect and as a result the trial court should have vacated the default. Appellees, Barry S. Freedman and B.F. Enterprises, Inc., have cross-appealed the trial court's denial of their claim for attorney's fees incurred under section 57.105, Florida Statutes (2002).
On June 24, 2002, appellees filed a complaint against appellant for the return of their security deposit and their pre-paid rent. When appellant failed to respond to the complaint by September 26, 2002, appellees filed a motion for default. The clerk of court entered a default on October 1, 2002.
On October 16, 2002, appellant's counsel filed his notice of appearance and on behalf of appellant filed a motion to vacate the default. In the motion, appellant alleges that the summons and complaint were served on his wife on August 28, 2002, when his family was in the process of moving. The return of service confirms this date and that appellant's wife was the person served. Appellant's wife did not inform him of the service and he only became aware of the lawsuit on October 2, 2002, after reviewing papers at his new residence. Appellant denied the allegations of the complaint and alleged that he had meritorious defenses. He also intended to file a counterclaim for breach of the lease agreement.
*433 Also filed with the motion was appellant's affidavit in which he averred that he learned of the complaint on October 2, 2002, when he discovered the summons and complaint under a stack of papers. His wife had been served and did not tell him. They had recently moved from the address in California at which he was served to another California address.
On November 12, 2002, the trial court denied appellant's motion to vacate and found that the reasons set forth in appellant's affidavit were insufficient to vacate the default.
A week later, appellant filed his Answer, Affirmative Defenses and Counterclaim. Appellees moved to strike the pleading as a sham and requested attorney's fees which they incurred as a result of responding to the sham pleading. The trial court granted appellees' motion to strike but denied their request for attorney's fees.
Thereafter, appellant filed a motion for reconsideration of the trial court's refusal to vacate the default arguing that he filed his motion to vacate only fourteen days after the default was entered, that he demonstrated excusable neglect, and that it was a clerk's default not a final default judgment. The trial court refused to vacate the default. Finally, at the hearing on appellees' motion for final judgment, appellant again asked the trial court to reconsider its decision. The trial court refused and granted the motion. It entered final judgment for appellees in the total amount of $21,009.10. Appellees again requested attorney's fees which the trial court denied.
This court set forth the standard of review of an order entered on motion to vacate a default in Lloyd's Underwriter's at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001). We held:
Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962). In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits." Id. at 853 (quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (Fla. 1931)). An order denying a motion to vacate a default is reviewed under an abuse of discretion standard. See George v. Radcliffe, 753 So.2d 573, 575 (Fla. 4th DCA 1999). It is an order granting a motion to vacate which is reviewed under a gross abuse of discretion standard. Id. McKinzie By & Through McKinzie v. Hollywood, Inc., 421 So.2d 606, 607 (Fla. 4th DCA 1982).
In Shurgard Storage Centers, Inc. v. Parker, 755 So.2d 695, 696 (Fla. 4th DCA 1999), this court stated what to consider when deciding whether to vacate a default:
This court has previously stated that "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." Gateway Am. Bank of Fla. v. Lucky Jet Corp., 720 So.2d 1141, 1142 (Fla. 4th DCA 1998) (citations omitted).
In Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA 1985), this court discussed a number of default cases and concluded:
The pattern which emerges from these and the myriad of cases not cited here is best stated negatively: a default will not be set aside where the defaulted party or his attorney (1) simply forgot *434 or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross negligence or as constituting a willful and intentional refusal to act. The failure to state any factual grounds upon which the movant relies has also been held to be an insufficient basis for setting aside a default.
Id. at 1105-06.
The third district considered a case similar to the instant case in Roberts v. Safeway Insurance Co., 610 So.2d 700 (Fla. 3d DCA 1993). Safeway filed a subrogation action against Roberts for an accident involving his truck. Service of the complaint was made on Roberts's wife but she never gave it to him or told him about it. A default was entered and Roberts did not find out until six months later when he went to renew his driver's license. After the trial court denied Roberts's motion to set aside the default, stating that there were insufficient reasons for the failure to respond, Roberts moved for reconsideration and filed affidavits in support. In the wife's affidavit, she said that when she received the complaint she had been arguing with Roberts and was not speaking to him. She threw the papers away. The trial court denied the motion for reconsideration. On appeal, the third district held: "Roberts' explanation for his failure to respond to the complaint in a timely manner constituted excusable neglect." Id. at 701.
In the instant case, although appellant's wife did not intentionally fail to give appellant the summons and complaint, her failure to give appellant the papers during the confusion of moving resulted in a "reasonable misunderstanding" that constituted excusable neglect. The trial court abused its discretion in denying appellant's motion to vacate the default. Therefore, we reverse and remand for further proceedings. As a result of our vacating the default, the point raised by appellees on cross-appeal is moot.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WARNER, GROSS and HAZOURI, JJ., concur.