POLEN, J.
The defendants/appellants were defaulted by the clerk, and the plaintiff subsequently obtained a default final judgment. The defendants then moved to vacate the default final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). This motion was denied by the trial court, which expressly found that the defendants failed to show they acted with due diligence in seeking relief from the default judgment. We reverse the trial court’s order denying the defendants’ motion to vacate because the record and supporting affidavits are sufficient to show the defendants acted with due diligence in seeking relief from the default judgment.
On October 6, 2011, the plaintiff served the defendants with a complaint alleging fraud, breach of contract, and violation of the Florida Deceptive and Unfair Trade Practices Act. The defendants did not file an answer or responsive pleading. The plaintiff moved for a clerk’s default on October 31, 2011, which was entered on November 9, 2011. The defendants admit that they were served with the complaint on October 6, but did not respond because conversations with their out-of-state attorney led them to believe that a settlement had been reached and the matter was closed.
On November 18, 2011, the plaintiff filed a motion for final judgment. A hearing on this motion was held on December 15, 2012. The defendants did not attend the hearing because, again, they claim to have been assured by counsel that the matter was resolved.
Final judgment was entered by the court on December 20, 2011. On the same day, the defendants were advised by their out-of-state attorney that he was not permitted to practice law in Florida. The very next day, the defendants retained their current attorney to represent them in this action.
On January 31, 2012, thirty-nine days after current counsel was retained, the defendants filed a motion to vacate the default final judgment. On February 8, 2012, the plaintiff filed a response to the motion to vacate, alleging that defense counsel failed to prove due diligence because he failed to present evidence of exceptional circumstances explaining the delay in filing the motion to vacate. Thereafter, on February 10, defense counsel filed an affidavit of his own explaining the circumstances of his representation, and the extent of his involvement in the current litigation. This affidavit explained the reasons for the delay included, but were not limited to: the holiday closings of the court and counsels’ offices; communications with opposing counsel seeking a *515 resolution of the matter; checking the court docket without seeing a final judgment entered against the defendants; and preparing affidavits and an answer with affirmative defenses, while simultaneously addressing a writ of garnishment entered against the defendants.
A hearing was held on the defendants’ motion to vacate the default final judgment on February 24, 2012. This hearing was not transcribed. The defendants’ motion was denied on March 12, 2012, by an order expressly finding that “the affidavits do not set forth sufficient facts for this Court to conclude that the Defendants acted with due diligence to promptly move to set aside the default.” We hold that the trial court erred in making this determination.
An order denying a motion to vacate a default judgment is reviewed under an abuse of discretion standard. Mullne v. Sea-Tech Constr. Inc., 84 So.3d 1247, 1248 (Fla. 4th DCA 2012). A party moving to vacate a default final judgment must demonstrate three things: “(1) the failure to file a responsive pleading was the result of excusable neglect; (2) the moving party has a meritorious defense; and (3) the moving party acted with due diligence in seeking relief from the default.” Wells Fargo Bank, N.A. v. Jidy, 44 So.3d 162, 164 (Fla. 3d DCA 2010). In this case, the trial court expressly based its order denying the defendants’ motion to vacaté on the finding that the defendants failed to act with due diligence in seeking relief from the default judgment. Accordingly, the only issue to be addressed on appeal is whether the defendants demonstrated that they acted with due diligence in seeking relief from the default judgment.
In this case, there appears to be no factual dispute upon which the trial court based its decision to deny the defendants’ motion. The trial court based its decision on the finding that the defendants’ affidavits failed to show the defendants acted with due diligence in seeking relief from the default judgment, which is required by law in order to vacate a default final judgment. Therefore, because the trial court’s ruling was made as a matter of law, our standard of review is de novo. See Mourning v. Ballast Nedam Constr. Inc., 964 So.2d 889, 892 (Fla. 4th DCA 2007) (holding that a ruling on a motion to vacate is usually reviewed under the abuse of discretion standard, but when there is no factual dispute and the trial court’s ruling is a matter of law, the standard of review is de novo).
Florida’s public policy on setting aside defaults is described as one that:
[F]avors the setting aside of defaults so that controversies may be decided on the merits.... In implementing this policy, if there be any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and allowing a trial upon the merits.
Lloyd’s Underwriter’s at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001) (internal quotation omitted). “[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits.” Latin Am. Prop. & Cas. Ins. Co. v. Italian Palace, Inc., 596 So.2d 1174, 1175 (Fla. 4th DCA 1992) (quoting Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA 1985)).
In considering whether a party has made a “timely application” to set aside a default, courts must evaluate both the ex *516 tent of the delay as well as the reasons for the delay. Roberts v. Safeway Ins. Co., 610 So.2d 700, 701 (Fla. 3d DCA 1992). Examples of justifiable reasons for a delay include: (1) miscommunications between counsel; see Apolaro v. Falcon, 566 So.2d 815, 817 (Fla. 3d DCA 1990) (holding that a delay between thirty and forty days was reasonable because “a misunderstanding ... delayed the actual filing of the motion which plaintiffs knew would be forthcoming”); (2) a party not knowing of his or her ability to contest a default judgment; see Franklin v. Franklin, 573 So.2d 401, 403 (Fla. 3d DCA 1991) (holding that nine months was not an unreasonable delay because the former husband “was not aware of his ability to contest [the judgment] until a co-worker told him that this might be done [and] [w]ithin a few days after that, he retained a lawyer and sought to do so”); and (3) trying to obtain counsel; see Roberts, 610 So.2d at 701 (holding that the defaulted party’s affidavit demonstrated due diligence under the circumstances by averring that he diligently sought counsel through a pro bono service after learning of the default against him).
In this case, defense counsel concedes that it took thirty-nine days after being retained as counsel for him to file the motion to set aside the default. In his affidavit filed in support of the motion to vacate, defense counsel avers that he contacted plaintiffs counsel immediately after being retained (on December 21, 2011), and he was informed that plaintiffs counsel had sent a final judgment to the trial court based on the December 15, 2011 hearing. Defense counsel claims that opposing counsel “was not clear that [this] judgment would be signed by the court.” Thereafter, defense counsel “checked the court docket on December 22 and did not see a judgment entered against the defendants.” The affidavit further states that the courthouse was closed on December 23 through December 27, and that counsels’ offices were closed from December 23 until January 3. Defense counsel did not receive a copy of the final judgment until January 6, 2013, when he received a copy of the judgment attached to the writ of garnishment. Defense counsel then wrote to plaintiffs counsel on January 10 seeking “an amicable resolution based on the prior communication.” This letter asked opposing counsel to set aside the final judgment and notified the plaintiff of the defendants’ intention to move to set aside the default.
The motion to set aside the default was finally filed on January 31, 2013. Defense counsel’s affidavit states that during this lapse of time, he was acting “diligently by reviewing the Complaint and all court documents filed to determine whether defendants had any meritorious defenses to the complaint,” addressing the writ of garnishment entered against the defendants, and preparing affidavits in support of the motion to be reviewed and signed by the defendants.
In light of Florida’s public policy of having cases resolved on the merits, the trial court in this case erred by denying the defendant’s motion to set aside the default. As in Apolaro, “[d]efense counsel was entirely correct in contacting plaintiffs’ counsel initially to determine if the matter could be resolved by agreement rather than by resort to the court. [This] procedure should be encouraged, not penalized.” Apolaro, 566 So.2d at 817.
Moreover, defense counsel’s affidavit sets forth a reasonable and credible explanation of the delay. This includes, but is not limited to: the holiday closings of the court and counsels’ offices; communication with opposing counsel seeking an amicable resolution; checking the court docket without seeing a final judgment entered against the defendants; and preparing af *517 fidavits and an answer with affirmative defenses, while simultaneously addressing the writ of garnishment entered against the defendants. The affidavit clearly states that, upon learning of the final judgment, defense counsel very quickly notified opposing counsel of his intention to vacate the final judgment and began preparing to do just that. Considering the totality of these circumstances in light of Florida’s public policy requiring “any reasonable doubt in the matter of vacating a default ... be resolved in favor of granting the application and allowing a trial upon the merits[,]” it was an error for the trial court to deny the defendants’ motion to vacate the default final judgment in this case. See Lloyd’s Underwriter’s, 801 So.2d at 139 (internal quotation omitted).
Based on the foregoing, we l’everse the trial court’s order denying the defendants’ motion to vacate the default final judgment. Because the trial court’s order denying the motion to vacate expressly does so on the grounds that the defendants failed to show they acted with due diligence in seeking relief from the default final judgment, our holding is limited to our determination that the record and supporting affidavits do show that the defendants acted with due diligence in seeking relief from judgment. On remand, the trial court should consider the other elements required to vacate the final judgment, including whether the defendants can demonstrate excusable neglect and a meritorious defense.

Reversed and Remanded.

DAMOORGIAN and LEVINE, JJ., concur.