IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES LEVOY WATERS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D15-4828

PAM CHILDERS, CLERK AND
COMPTROLLER, ESCAMBIA
COUNTY, FLORIDA,

Appellee.

_____/

Opinion filed

An appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

James Levoy Waters, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, an inmate, seeks review of the order denying his motion for relief

from judgment under Florida Rule of Civil Procedure 1.540(b). For the reasons that

follow, we reverse and remand for further proceedings.

In February 2004, Appellant filed a mandamus petition against Appellee. The petition was denied in March 2015 and Appellant thereafter filed a timely motion for rehearing. In June 2015, Appellant sent a notice of inquiry to the clerk of the lower tribunal regarding the status of the motion for rehearing. The clerk informed Appellant that an order denying the motion had been entered in early April 2015.

Thereafter, Appellant filed a motion for relief from judgment under rule 1.540(b) in which he asserted that he did not receive a copy of the April 2015 order denying his motion for rehearing. The motion asked the trial court to vacate and reenter that order so Appellant could appeal the underlying order denying his mandamus petition. Attached to the motion was a copy of the incoming mail log from the prison where Appellant is being held showing that he did not receive any mail from the clerk of the lower tribunal in April 2015. The trial court summarily denied the motion, and this appeal followed.

A party can seek relief under rule 1.540(b) when he or she does not receive a copy of an order entered by the court until after the time for filing an appeal has expired. See Newell v. Moore, 789 So. 2d 538, 539 (Fla. 1st DCA 2001); Griffin v. Fla. Parole Comm'n, 727 So. 2d 1092 (Fla. 1st DCA 1999); Brown v. State, 708 So. 2d 1041 (Fla. 1st DCA 1998); Woldarsky v. Woldarsky, 243 So. 2d 629 (Fla. 1st DCA 1971). If the motion is facially sufficient and not refuted by the record, the

2

trial court should either hold an evidentiary hearing on the motion or grant relief. See Newell, 789 So. 2d at 539 ("The appellant's motion is . . . facially sufficient and may warrant relief if the allegations therein are established as accurate and true.").

Here, Appellant's motion for relief from judgment is facially sufficient and not refuted by the limited record presented to this court. Accordingly, we reverse the order denying the motion and remand for the trial court to either hold an evidentiary hearing on the motion or grant relief.

REVERSED and REMANDED.

ROBERTS, C.J., WOLF and WETHERELL, JJ., CONCUR.