DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MANUEL FERNANDEZ, JR.,**
Appellant,

v.

**ROSEANN DIFIORE** a/k/a **ROSEANN DIFIORE ROSEN,**
Appellee.

No. 4D19-116

[September 18, 2019]

Nonfinal appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily R. Powell, Judge; L.T. Case No. CACE18-009093 (03).

Elizabeth Olivia Hueber and Michael L. Feinstein of Michael L. Feinstein, P.A., Fort Lauderdale, for appellant.

Steven M. Swickle of Steven M. Swickle, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Manuel Fernandez, Jr. ("Defendant") appeals from the trial court's denial of his second motion to vacate the default judgment in favor of Roseann Difiore ("Plaintiff"). The trial court denied the second motion for failure to exercise due diligence. Defendant argues the court erred because due diligence applied only to the initial motion to vacate, not the subsequent motion. We agree and reverse.

**Background**

Plaintiff sued Defendant for an unpaid promissory note. Other suits were pending between Plaintiff's husband and Defendant. In this suit, Defendant failed to serve or file any responsive papers, and final default judgment was entered. A week later, Defendant filed an answer, affirmative defenses and counterclaim. Defendant also moved to vacate the default judgment, alleging excusable neglect, due diligence and a meritorious defense. Attached was an affidavit from defense counsel, asserting that he failed to timely answer because his legal assistant (1)

"was confused due to the multiple current actions between" the parties and made a scheduling mistake, and (2) "was out sick and in the hospital with encephalitis." After a hearing, the trial court denied the motion "without prejudice." The following day, Defendant filed the affidavit of defense counsel's legal assistant; this affidavit alleged the same facts as defense counsel's affidavit.

Sixty-five days later, Defendant filed his second motion to vacate the default judgment. No new grounds were alleged, and Plaintiff filed no opposition. At the hearing on the second motion, neither party presented testimony or evidence. Defense counsel argued that correcting the affidavit "was the critical issue stopping the default judgment from being set aside," but the trial court stated that it "[did not] remember that to be the case." Plaintiff argued Defendant did not exercise due diligence in filing the second motion more than two months later, so the motion should be denied. Defense counsel replied that "we do not recognize the default judgment case law to apply to diligence upon filing an amended motion, only the original motion." The trial court denied the second motion "for failure to exercise due diligence." This appeal followed.

## Analysis

Defendant argues the trial court erred in denying the second motion to vacate default because due diligence applies only to the initial motion to vacate, not to subsequent motions. Plaintiff responds that due diligence should apply to the second motion, otherwise the denial of the initial motion "acts as a stay or tolling which allows the moving party to take no further action."

A ruling on a motion to vacate is usually reviewed under the abuse of discretion standard; however, when there is no factual dispute and the trial court's ruling is made as a matter of law, the standard of review is de novo. *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013) (citing *Mourning v. Ballast Nedam Constr. Inc.*, 964 So. 2d 889, 892 (Fla. 4th DCA 2007)).

A defendant's motion to vacate a default final judgment must demonstrate the following: (1) the failure to file a responsive pleading resulted from excusable neglect; (2) a meritorious defense; and (3) the defendant acted with due diligence in seeking relief from the default. *Fla. Eurocars, Inc.*, 110 So. 3d at 515 (citation omitted). Where, as here, a trial court denies a motion to vacate a default judgment based on a failure to exercise due diligence, "the only issue to be addressed on appeal is

whether the defendants demonstrated that they acted with due diligence in seeking relief from the default judgment." *Id.*

"Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits." *Lloyd's Underwriter's at London v. Ruby, Inc.*, 801 So. 2d 138, 139 (Fla. 4th DCA 2001) (citing *N. Shore Hosp., Inc. v. Barber*, 143 So. 2d 849, 852-53 (Fla. 1962)). "In implementing this policy, 'if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits.'" *Id.* (quoting *N. Shore Hosp.*, 143 So. 2d at 853). "This is particularly true in cases in which the parties are not prejudiced by the late filing." *Tutwiler Cadillac, Inc. v. Brockett*, 551 So. 2d 1270, 1272 (Fla. 1st DCA 1989). Furthermore, "[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits." *Fla. Eurocars, Inc.,* 110 So. 3d at 515 (citations omitted).

Here, the trial court denied the second motion to vacate default for failure to exercise due diligence. Defendant's initial motion to vacate, filed a week after the default judgment, was denied without prejudice—giving him an opportunity to file a sufficient motion and affidavit. Defendant filed a new affidavit the next day, in which the assistant alleged the same basis for excusable neglect sworn to by defense counsel. The second motion followed, raising no new grounds for relief.

We need not address Defendant's argument that "the default judgment case law [does not] apply to diligence upon filing an amended motion, only the original motion." Under the circumstances of this particular case, we find that Defendant did exercise due diligence in filing his amended motion to vacate. Although this motion was filed sixty-five days following the initial denial, (1) it was preceded by (and relied upon) the next-day filing of the assistant's affidavit; (2) Plaintiff failed to file a pleading in opposition to this second motion; (3) the trial court had not announced a deadline for filing an amended motion to vacate, following its denial of the original motion without prejudice; and (4) Plaintiff has failed to allege, let alone demonstrate, prejudice due to the extra time between the filing of the assistant's affidavit and the filing of the second motion to vacate.

**Conclusion**

Based on the foregoing, we reverse the trial court's denial of Defendant's second motion to vacate the default final judgment. As the trial court expressly denied this motion for failure to exercise due diligence, our holding is limited to our determination, as set forth above, that Defendant acted with due diligence in seeking relief from judgment. *See Fla. Eurocars,* 110 So. 3d at 517. Thus, "[o]n remand, the trial court should consider the other elements required to vacate the final judgment, including whether the defendants can demonstrate excusable neglect and a meritorious defense." *Id.*

MAY, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4