DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRI BURKE,**
Appellant,

v.

**MICHELLE SOLES,**
Appellee.

No. 4D20-1968

[August 18, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stefanie C. Moon, Judge; L.T. Case No. DVCE 20-4131.

Jason H. Haber of Haber Blank, LLP, Fort Lauderdale, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Terri Burke challenges the trial court's final judgment of injunction for protection against repeat violence entered against her at the behest of appellee Michelle Soles and the denial of her motion for rehearing of that injunction. Concluding that the trial court erred in denying the motion for rehearing without conducting a hearing, we reverse and remand for further proceedings.

On July 23, 2020, appellee filed a petition for injunction for protection against repeat violence against Burke. That same day, the trial court issued a temporary injunction and set the matter for final hearing on August 3, 2020. Due to the ongoing COVID-19 pandemic, the final hearing was scheduled as a Zoom hearing. Following the scheduled Zoom hearing, which Burke did not attend, the trial court issued the final judgment of injunction for protection against repeat violence. Burke, acting pro se, thereafter filed a timely motion for rehearing and to vacate or set aside the final judgment. Therein, Burke asserted: "I was on Zoom it appears that there may have been a tech[nological] problem. I was there." The trial court denied the motion for rehearing without conducting a hearing.

Florida Rule of Civil Procedure 1.540(b) authorizes a trial court to grant a party relief from a final judgment for excusable neglect. *Fast Funds, Inc. v. Aventura Orthopedic Care Ctr.*, 279 So. 3d 168, 171 (Fla. 4th DCA 2019). Rule 1.530, which governs motions for rehearing, also authorizes a trial court to grant a party relief for excusable neglect. *Id.* ("[E]xcusable neglect causing a party to fail to appear for a final hearing has been grounds for granting relief under rule 1.530."). "Excusable neglect" as a ground for granting relief from judgment is found "[w]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Locke v. Whitehead*, 46 Fla. L. Weekly D1485, D1486 (Fla. 4th DCA June 23, 2021) (alteration in original) (emphasis removed) (quoting *Lloyd's Underwriter's at London v. Ruby, Inc.*, 801 So. 2d 138, 139 (Fla. 4th DCA 2001)). If a motion sets forth a colorable entitlement to relief based on excusable neglect, the trial court should either conduct a limited evidentiary hearing on the motion or grant the requested relief. *Waters v. Childers*, 198 So. 3d 1007, 1008 (Fla. 1st DCA 2016) ("If the motion is facially sufficient and not refuted by the record, the trial court should either hold an evidentiary hearing on the motion or grant relief.").

Here, Burke explained in the motion for rehearing that her failure to appear for the Zoom hearing was due to technological problems. A claim that the failure to appear was caused by technological difficulties is the type of "system gone awry" that may constitute excusable neglect. Thus, although Burke's pro se motion does not specifically reference rule 1.540 or rule 1.530, and does not include the words "excusable neglect," the motion nonetheless suggests a case of excusable neglect. *See Chancey v. Chancey*, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004) ("We realize that [appellant's] allegations in support of setting aside the default and judgment are buried within numerous letters and motions and are not artfully stated. But he is a pro se litigant and his pleadings should be liberally construed. At the least, [appellant's] filings may suggest a case of excusable neglect." (internal citations omitted)). Accordingly, we reverse the denial of the motion for rehearing and remand with instructions for the trial court to either conduct a limited evidentiary hearing on the motion or grant the requested relief.

*Reversed and remanded.*

LEVINE and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2