DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD NOBLE,**
Appellant,

v.

**WEXFORD HEALTH SOURCES, INC.,**
Appellee.

No. 4D2024-1007

[April 16, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett M. Waronicki, Judge; L.T. Case No. 56-2021-CA-001467.

Donald Noble, Fort Pierce, pro se.

Devang Desai and Megan E. Roth of Gaebe, Mullen, Antonelli & DiMatteo, Coral Springs, for appellee.

CONNER, J.

We reverse the trial court's order which dismissed Donald Noble's amended complaint with prejudice and the order which denied his motions for relief pursuant to Florida Rules of Civil Procedure 1.530 and 1.540. We explain our reversal.

*Background*

After his attorney withdrew, Noble continued pro se to sue Wexford Health Sources, Inc. for medical negligence. Wexford Health moved to dismiss the suit for failure to comply with medical malpractice pre-suit requirements. Noble failed to attend the scheduled Zoom video hearing on Wexford Health's motion to dismiss.

Noble timely filed a rehearing motion pursuant to Florida Rule of Civil Procedure 1.530. The motion alleged he was "unable to attend the court hearing due to his inability to access the zoom meeting." Noble claimed he made several attempts to contact court personnel when he discovered he could not join the hearing and "[t]he technical reason amounts to

excusable neglect and or inadvertence." He further alleged that, prior to the hearing, he attempted to contact court personnel because he is a disabled litigant but did not get any response from court personnel concerning his request for assistance. Noble's motion was supported by his affidavit.

Wexford Health filed a response, arguing Noble's motion was controlled by Florida Rule of Civil Procedure 1.540 rather than rule 1.530. Wexford Health further argued Noble's "general statements did not substantiate a claim for excusable neglect under [r]ule 1.540 as they fail to provide any factual basis" and did not supply sufficient grounds for relief.

Noble filed an amended pro se motion for reconsideration and rehearing, citing both rule 1.530 and rule 1.540. He again alleged his failure to appear at the hearing was due to excusable neglect for technical problems in accessing the Zoom hearing. Noble further explained that when he was unable to enter the Zoom hearing, he called the judicial assistant and left a voicemail telling her he was unable to enter the hearing. Attached to the motion was a call log purporting to show Noble's attempts to call the judicial assistant, as well as an email from the judicial assistant, acknowledging his voicemail and stating, "UMC hearings are only conducted via Zoom."

Wexford Health responded to the amended rehearing motion re-raising the arguments in its response to the first motion.

The trial court treated the first and amended motions for rehearing together and denied them both. Noble then gave notice of appeal.

*Appellate Analysis*

"A trial court's denial of relief from judgment upon a showing of excusable neglect, including relief pursuant to Florida Rule of Civil Procedure 1.530, is reviewed for an abuse of discretion." *Fast Funds, Inc. v. Aventura Orthopedic Care Ctr.*, 279 So. 3d 168, 171 (Fla. 4th DCA 2019).

Noble contends the trial court erred in denying his rehearing motions without an evidentiary hearing because the motions set forth "very strong grounds for excusable neglect" that his failure to attend the Zoom hearing was due to technical difficulties. Wexford Health counters the trial court's denial order did not abuse discretion because "the general assertions in the Motion did not meet the standard for excusable neglect under [r]ule 1.540, as [the assertions] lacked a sworn factual foundation."

2

We hold Noble's rehearing motions set forth a colorable entitlement to relief based on excusable neglect, and the trial court's denial of relief abused its discretion because the trial court failed to conduct an evidentiary hearing.

"Florida Rule of Civil Procedure 1.540(b) authorizes a trial court to grant a party relief from a final judgment for excusable neglect." *Burke v. Soles*, 326 So. 3d 83, 84 (Fla. 4th DCA 2021) (citing *Fast Funds*, 279 So. 3d at 171). Additionally, "Rule 1.530, which governs motions for rehearing, also authorizes a trial court to grant a party relief for excusable neglect." *Id.* As we explained in *Burke*: "A claim that the failure to appear was caused by technological difficulties is the type of 'system gone awry' that may constitute excusable neglect." 326 So. 3d at 84.

If a motion sets forth a colorable entitlement to relief from a judgment based on excusable neglect, the trial court should conduct an evidentiary hearing on the motion. *See Barton Protective Servs., LLC v. Redmon*, 387 So. 3d 353, 356 (Fla. 3d DCA 2023) (explaining that where a motion presents a colorable entitlement to relief based on excusable neglect, "the trial court abuses its discretion in failing to conduct an evidentiary hearing on the motion"); *Burke*, 326 So. 3d at 84 (citing *Waters v. Childers*, 198 So. 3d 1007, 1008 (Fla. 1st DCA 2016) ("If a motion sets forth a colorable entitlement to relief based on excusable neglect, the trial court should either conduct a limited evidentiary hearing on the motion or grant the requested relief.")).

Here, Noble's motions raised a colorable entitlement to excusable neglect relief due to technical difficulties attending a video hearing. We reject Wexford Health's arguments to the contrary. Wexford Health argues that Noble's motions failed to establish excusable neglect because he did not identify the link or meeting identification code which he used when attempting to access the Zoom hearing, and he failed to describe any technical difficulties which he encountered or when those technical difficulties occurred. However, Wexford Health cites no caselaw requiring such level of detail in the motion or supporting affidavit. Wexford Health's arguments are matters to be considered by the trial court at the evidentiary hearing.

Wexford Health also tries to advance a "tipsy coachman" argument for affirmance because the record establishes the amended complaint failed to comply with the presuit notice requirements. *See generally Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (explaining the "tipsy coachman" principal allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" so long as "there is any basis which

3

would support the judgment in the record"). Specifically, Wexford Health claims Noble's presuit notice was defective under section 766.106, Florida Statutes (2021). Section 776.106 requires and outlines the pre-suit notice requirements for a medical malpractice action. Thus, Wexford Health argues the amended complaint was required to be dismissed under section 766.206(2). Section 776.206(2) provides that if a claimant fails to satisfy the presuit requirements, "the court shall dismiss the claim."

We reject Wexford Health's "tipsy coachman" argument for two reasons. First, Wexford Health did not argue the failure to comply with the presuit notice requirements in responding to Noble's motions for rehearing, and the trial court's order denying relief was based on Noble's motions and "the parties' submissions." More significantly, the dismissal order stated "[t]he Plaintiff was properly noticed for this 9:00 a.m. UMC [(Uniform Motion Calendar)] hearing. The Court reached this case at 9:33 a.m. and the Plaintiff still had not appeared for the hearing." Therefore, it appears dismissal was solely based on Noble's failure to appear.

Second, as explained by the Third District in *University of Miami v. Jones*, 338 So. 3d 401 (Fla. 3d DCA 2022), "when the defendant files a section 766.206 motion, the trial court is required to 'make an express finding as to [the claimant's] compliance with the presuit requirements.'" *Id.* at 402 (alteration in original) (quoting *PP Transition, LP v. Munson*, 232 So. 3d 515, 516 (Fla. 2d DCA 2017)). Here, because the trial court failed to make an express finding as to Noble's compliance (or lack thereof) with the presuit requirements, a "tipsy coachman" affirmance of the dismissal order is not warranted.

*Conclusion*

Having held Noble's rehearing motions set forth a colorable entitlement to relief based on excusable neglect, and the trial court abused its discretion in denying the motions for relief without conducting an evidentiary hearing, we reverse the order denying relief and the order dismissing the case with prejudice and remand for further proceedings.

*Reversed and remanded.*

CIKLIN and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

4