ON MOTION TO DISMISS
McCORD, Judge.
This is a motion filed by appellees, S. Perry Penland, et ux., to dismiss the appeal brought by Equibank, N.A., from a final judgment on the pleadings in favor of the Penlands and an order denying Equi-bank leave to amend to reply to the Pen-lands’ affrmative defense. The suit in the court below was brought against the Pen-lands and others to foreclose a mortgage on real property. The Penlands’ alleged liability was predicated on their personal guarantees of a promissory note which secured the mortgage.
Equibank filed notice of appeal on April 14, 1975, and thereafter on October 8, filed a notice of voluntary dismissal without prejudice in the trial court as to all parties (the Penlands included). The Penlands’ motion to dismiss the appeal contends that Equibank’s notice of voluntary dismissal now renders this appeal moot. Equibank opposed the dismissal of the appeal and in responding to the motion to dismiss, alleges that the voluntary dismissal occurred as the result of the Penlands and Equibank reaching an agreement on August 1, 1975, as to the reinstatement and modification of the mortgage and note on the property. The agreement, copy of which Equibank attached to its response states as follows:
“S. Perry Penland and Sybil Penland join in the execution of this Commitment subject to a final determination in the pending appeal, in which event if found to be relieved from their obligatons under the existing loan this acceptance as to the Penlands’ will have no force and effect . . .”
The notice of appeal when filed divested the trial court of jurisdiction and invested *740 jurisdiction in this court. While no order was entered on the notice of dismissal filed in the trial court, such notice was a nullity. Had an order of dismissal been entered, it would have been a nullity as jurisdiction was then in this court rather than the trial court. Thus, the cause remains pending in the trial court.
Rule 1.420(a)(1), F.R.C.P., sets forth the circumstances under which an action may be dismissed by the plaintiff without order of court. The dismissal here does not fit those circumstances. The action may not be dismissed by the plaintiff without order of court in a nonjury case after submission of the case to the court for decision. Here final judgment had been entered.
The motion to dismiss the appeal is denied.
MILLS, J., concurs.
BOYER, C. J., dissents.