880 So.2d 1281 (2004)
Calvin Ty CHANCEY, Appellant,
v.
Patricia C. CHANCEY, a/k/a Patricia C. Vickers, Appellee.
No. 2D03-1123.
District Court of Appeal of Florida, Second District.
September 3, 2004.
Calvin Ty Chancey, pro se.
No appearance for Appellee.
*1282 NORTHCUTT, Judge.
While Calvin Chancey was incarcerated in the Polk County Jail, his wife, Patricia Chancey, served him with a petition for dissolution of marriage. The petition alleged that the parties had no children, assets, or liabilities. She obtained a default in November 2002. The circuit court held a hearing on the petition on January 17, 2003. Chancey sought an order allowing him to be transported from the jail for the hearing, but his request was denied. A final judgment was entered on January 23, 2003. On January 30, 2003, Chancey filed a pro se motion to set aside the default and final judgment, referencing Florida Rule of Civil Procedure 1.540.[1] The court denied his motion on February 12, 2003, without conducting a hearing. We reverse that order and remand to the circuit court with directions to hold a hearing on the motion.
In his January 30 motion, Chancey claimed that he had sent an answer to his wife's petition to the circuit court clerk. He stated that the answer included his and his wife's names, but it did not include a case number because the copy of the petition served on him did not contain one. He requested a hearing on his motion.
In addition to the rule 1.540 motion, Chancey filed numerous other documents with the court. On December 31, 2002, he filed a "mandatory disclosure" to which he attached a credit report showing debts incurred during the marriage. In an undated letter to the clerk, filed January 27, 2003, he asked that he be allowed to attend the hearing on the wife's petition because the parties had $55,000 in marital assets and liabilities that needed to be addressed. He filed a "motion for rehearing" on February 7, 2003, again asserting that the parties had marital assets and liabilities.
We realize that Chancey's allegations in support of setting aside the default and judgment are buried within numerous letters and motions and are not artfully stated. But he is a pro se litigant and his pleadings should be liberally construed. See Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA 1993). At the least, Chancey's filings may suggest a case of excusable neglect. See Fla. R. Civ. P. 1.540(b). They also raise the possibility that he did file a response to his wife's petition and should not have been defaulted, or that his wife committed fraud on the court by falsely stating that the parties had no assets or liabilities. See St. Surin v. St. Surin, 684 So.2d 243, 244 (Fla. 2d DCA 1996). If a rule 1.540 motion alleges a colorable entitlement to relief, the circuit court should conduct a limited evidentiary hearing on the motion. See In re Schiavo, 800 So.2d 640, 641 (Fla. 2d DCA 2001).
Therefore, we reverse the order denying Chancey's motion to set aside the default and default judgment and remand to the circuit court with directions to conduct a hearing on his motion.
ALTENBERND, C.J., and STRINGER, J., Concur.
NOTES
[1] Rule 1.540 governs general provisions concerning relief from judgment in family law cases, except for certain time limits on filing that are not at issue in this case. See Fla. Fam. L.R.P. 12.540.