TAYLOR, J.
 

 Pierre and Lisa Elliott appeal a final judgment of foreclosure entered for Aurora Loan Services, LLC (Aurora). Because the trial court erred in denying the El-liotts’ verified motion to vacate default and, consequently, erred in entering the final judgment of foreclosure, we reverse.
 

 On March 7, 2008, Aurora filed a complaint against the Elliotts to foreclose on their mortgage. The Elliotts received the summons and complaint on March 11, 2008. According to their verified motion, on March 11, 2008, Lisa Elliott contacted Aurora’s attorney, as directed in a letter attached to the complaint. The attorney instructed they call Aurora directly. The Elliotts did so and they then began a workout agreement. Lisa Elliott, in the verified motion, stated that they reached a proposed “Special Forbearance Agreement” with Aurora, dated June 27, 2008.
 

 Due to the Elliotts’ failure to file any papers, Aurora moved for an entry of default against the Elliotts, which was entered on May 21, 2008. Further, on May 21, 2008, Aurora filed a Motion for Summary Judgment and Motion for Attorneys Fee’s and Memorandum (along with supporting affidavits).
 

 Lisa Elliott stated in the verified motion that they discovered the entry of default for the first time on August 27, 2008. They filed then* Verified Motion to Vacate Default with Proposed Answer and Affirmative Defenses on September 3, 2008.
 

 At the hearing on September 24, 2008, the trial court denied the Elliotts’ verified motion to vacate default and granted Aurora’s motion for summary judgment. The court then entered the final judgment of foreclosure.
 
 [1]
 

 The Elliotts argue the court erred by denying their verified motion to vacate default. “ ‘An order denying a motion to vacate a default is reviewed under an abuse of discretion standard.’ ”
 
 Jeyanandarajan v. Freedman,
 
 863 So.2d 432, 433 (Fla. 4th DCA 2003) (quoting
 
 Lloyd’s Underwriter’s at London v. Ruby, Inc.,
 
 801 So.2d 138, 139 (Fla. 4th DCA 2001)).
 

 Florida Rule of Civil Procedure 1.500(a) (2008) provides that a clerk may enter a default against a party who fails to file any papers or pleadings. The court may set aside this default, however, under Rule 1.540(b). Fla. R. Civ. P. 1.500(d). “ ‘Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits.’ ”
 
 Jeyananda-
 
 
 *307
 

 rajan,
 
 863 So.2d at 433 (quoting
 
 Lloyd’s Underwriter’s,
 
 801 So.2d at 139).
 

 Rule 1.540(b) provides that if the terms are just, the court may relieve a party from a final order for mistake, inadvertence, surprise, or excusable neglect. To set aside the default pursuant to this rule, the court must determine: “(1) whether the defendant has demonstrated excusable neglect in failing to respond[;] (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, had demonstrated due diligence in seeking relief.”
 
 Halpern v. Houser,
 
 949 So.2d 1155, 1157 (Fla. 4th DCA 2007) (citing
 
 Schwartz v. Bus. Cards Tomorrow, Inc.,
 
 644 So.2d 611, 611 (Fla. 4th DCA 1994)). Because the Elliotts demonstrated these elements, the court abused its discretion in denying their motion to vacate the default.
 

 Excusable neglect is found “where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.” Somero
 
 v. Hendry Gen. Hosp.,
 
 467 So.2d 1103, 1106 (Fla. 4th DCA 1985). Although ignorance of the law and failure to understand consequences are not viable excuses, “a reasonable misunderstanding between attorneys regarding settlement negotiations does constitute excusable neglect sufficient to vacate a default.”
 
 Gables Club Marina, LLC v. Gables Condo. & Club Ass’n, Inc.,
 
 948 So.2d 21, 23-24 (Fla. 3d DCA 2006). In
 
 Gables Club,
 
 the parties’ attorneys were engaged in settlement talks, and the court found it reasonable that the defendant believed it need not file an answer to the plaintiffs complaint.
 
 Id.
 
 at 24.
 

 “ ‘Excusable neglect must be proven by sworn statements or affidavits.’ ”
 
 Geer v. Jacobsen,
 
 880 So.2d 717, 720 (Fla. 2d DCA 2004) (quoting
 
 DiSarrio v. Mills,
 
 711 So.2d 1355, 1356 (Fla. 2d DCA 1998)). Here, the Elliotts filed a verified motion containing properly sworn statements, as follows:
 

 2. Defendants were served with summons and complaint on or about March 11, 2008.
 

 3. On or about March 11, 2008 I, Lisa Elliott, contacted the attorney for AURORA at 305-670-2299 to discuss resolution of the complaint. I was instructed to contact the lender.
 

 4. I contacted AURORA and began a workout agreement which lead to a proposed “Special Forbearance Agreement” dated June 27, 2008. See attached letter from Aurora Loan Services marked Exhibit “A”.
 

 Aurora filed no refuting affidavits or other evidence to rebut the Elliotts’ claims that the parties were engaged in settlement negotiations.
 
 [2]
 

 In
 
 Gibson Trust, Inc. v. Office of the Attorney General,
 
 883 So.2d 379, 382 (Fla. 4th DCA 2004), we vacated the default entered by the trial court, stating that “[b]ecause the defendants’ affidavits were uncontradicted and established that there was a ‘misunderstanding’ regarding whether an extension had been agreed upon, we conclude that excusable neglect was shown.” Similarly, here, the Elliotts’ verified motion indicates they began a workout agreement with Aurora, which led to a proposed “Special Forbearance Agreement.” Aurora failed to file any affidavits refuting this. Therefore, the Elliotts’ un-contradieted verified motion established excusable neglect.
 

 
 *308
 
 A meritorious defense is established where a “proposed answer [is] attached to its motion to vacate, which answer sets out in detail a number of affirmative defenses.”
 
 Fortune Ins. Co. v. Sanchez,
 
 490 So.2d 249, 249 (Fla. 3d DCA 1986). We similarly held that where a party “immediately filed a proposed answer with affirmative defenses upon receipt of the plaintiffs’ motion to set the cause for trial on damages,” the meritorious-defense and due-diligence elements were met.
 
 Broward County v. Perdue,
 
 432 So.2d 742, 743 (Fla. 4th DCA 1983). The Elliotts’ verified motion to vacate default contained a proposed answer and affirmative defenses, which met the meritorious-defense element.
 

 Finally, due diligence, which is a test of reasonableness, must be evaluated based on the facts of the particular case.
 
 Franklin v. Franklin,
 
 573 So.2d 401, 403 (Fla. 3d DCA 1991). Due diligence must be established with evidence, which includes a sworn affidavit.
 
 Cedar Mountain Estates, LLC v. Loan One, LLC, 4
 
 So.3d 15, 17 (Fla. 5th DCA 2009).
 

 Here, although the default was entered on May 21, 2008, Lisa Elliott, in the verified motion, stated that they discovered the default for the first time on August 27, 2008. Again, this sworn allegation was not refuted by Aurora. Upon discovering the default, the Elliotts filed the verified motion to vacate the default, along with the proposed answer and affirmative defenses; it was dated August 28, 2008, but not rendered with the clerk of court until September 3, 2008. Only six days elapsed between the time the default was discovered and the time the motion to vacate was filed. It has been held that six-day, seven-day, and fifteen-day time lapses between the discovery of a default and the filing of a motion to vacate that default showed due diligence.
 
 (See Allstate Floridian Ins. Co. v. Ronco Inventions, LLC,
 
 890 So.2d 300, 303 (Fla. 2d DCA 2004) (citing
 
 Goodwin v. Goodwin,
 
 559 So.2d 109 (Fla. 2d DCA 1990) (six-day delay));
 
 Coquina Beach Club Condo. Ass’n v. Wagner,
 
 813 So.2d 1061 (Fla. 2d DCA 2002) (seven-day delay);
 
 Marshall Davis, Inc. v. Incapco, Inc.,
 
 558 So.2d 206 (Fla. 2d DCA 1990) (fifteen-day delay)). Thus, the Elliotts exercised due diligence by filing the motion to vacate the default within six days of discovery of the default.
 

 Because the Elliotts demonstrated the elements necessary to set aside the default, the trial court abused its discretion in denying their motion and subsequently entering the final judgment of foreclosure.
 

 Accordingly, we reverse the final judgment of foreclosure and order denying the Elliotts’ motion to vacate the default.
 

 Reversed and Remanded.
 

 FARMER and MAY, JJ., concur.
 

 [1]
 

 . The foreclosure sale was set for November 26, 2008, but the parties agreed to stay the
 
 case and
 
 cancel the sale pending this appeal.
 

 [2]
 

 . Although the
 
 Gables Club
 
 court states that there must have been a "reasonable misunderstanding between attorneys,” this is met because the Elliotts were proceeding
 
 pro se.