PER CURIAM.
BankUnited, FSB, filed a foreclosure complaint against Brian Kelly. In response, Kelly filed an answer and affirmative defenses, which were later amended. BankUnited requested summary judgment, and a hearing was held. However, Kelly’s attorney was unable to attend the hearing due to a secretarial error, which was evidenced by affidavit. Although Kelly’s attorney immediately requested rehearing pursuant to Florida Rule of Civil Procedure 1.530 based upon excusable neglect, it was denied. We find this was an error and reverse.
A trial court may relieve a party from a final judgment upon a showing of excusable neglect. Denial of relief on such basis is reviewed for an abuse of discretion. See SunTrust Bank v. Puleo, 76 So.3d 1037, 1039 (Fla. 4th DCA 2011).
We have previously held that an attorney’s failure to appear due to secretarial error is excusable neglect. J.J.K. Int’l., Inc. v. Shivbaran, 985 So.2d 66, 69 (Fla. 4th DCA 2008). Because here, Kelly’s attorney failed to appear as a result of his secretary mistakenly scheduling multiple hearings at different courthouses at the same time, the trial court erred by refusing to rehear the motion for summary judgment.
Because the record demonstrates excusable neglect, it was error to deny Kelly’s motion for rehearing. As a result, we find *982 it necessary to reverse and remand to the trial court for rehearing of BankUnited’s motion for summary judgment.

Reversed and remanded.

GROSS, CIKLIN and CONNER, JJ., concur.