DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SUNTRUST MORTGAGE,**
Appellant,

v.

**DEAN CALVIN TORRENGA** and **KATHLEEN ANN TORRENGA,**
Appellees.

No. 4D13-4590

[December 10, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 502009CA017609XX.

Anna B. Middleton of McCalla Raymer, LLC, Orlando, for appellant.

No appearance for appellees.

FORST, J.

Appellant SunTrust Mortgage, Inc. ("SunTrust") filed a foreclosure action in May 2009. Four years later, SunTrust's counsel attended a case management conference, at which the magistrate recommended the case be set for trial. When the case was scheduled, SunTrust's counsel received notice of the date and time the case was to be heard. However, due to a clerical or administrative error, she failed to enter the information into her internal case management system. As a result, neither SunTrust nor its counsel appeared at trial, leading the court to dismiss the complaint. Upon discovery of the error and dismissal, SunTrust moved for rehearing or to vacate the dismissal for excusable neglect. The court denied this motion without hearing. SunTrust now appeals this denial. As discussed below, Florida Rule of Civil Procedure 1.540(b) covers this scenario, and we thus reverse and remand this case to the circuit court for trial.

**Standard of Review**

Under Florida Rule of Civil Procedure 1.540(b), a party can seek relief from a final judgment based on mistake or excusable neglect, while Florida Rule of Civil Procedure 1.530(a) allows for rehearing or a new trial. "A trial court's determination on a motion for relief from judgment is reviewed for

an abuse of discretion." *SunTrust Bank v. Puleo*, 76 So. 3d 1037, 1039 (Fla. 4th DCA 2011); *see also Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 265 (Fla. 4th DCA 2013) ("[W]e review an order denying a motion to vacate a default for an abuse of discretion.").

## Analysis

Florida courts have a preference for deciding cases on the merits of the claims rather than on a technicality. *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 69 (Fla. 4th DCA 2008). As discussed below, where an issue is decided on a technicality and the failure of a party to comply with the technical requirement can be attributed to excusable neglect, courts have consistently allowed the party to seek rehearing or to vacate the judgment obtained against them.

"Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" *Elliot v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (quoting *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985)). Courts have found excusable neglect where an attorney failed to act due to an incorrect assumption that opposing counsel would tell him when a personal representative was appointed, *Somero*, 467 So. 2d at 1104, where an attorney mistakenly confused an active case with a settled one between the two parties, *Zwickel v. KLC, Inc.*, 464 So. 2d 1280 (Fla. 3d DCA 1985), and where a defendant failed to respond to a complaint that had been buried under unrelated papers, *Edwards v. Najjar*, 748 So. 2d 1101 (Fla. 3d DCA 2000).

This court has held that the excusable neglect doctrine applies in circumstances almost identical to those in this case. In *J.J.K.,* this court held that it was an abuse of discretion to deny a motion for rehearing when a plaintiff's attorney failed to attend a hearing his secretary had mistakenly marked as cancelled. *J.J.K.*, 985 So. 2d at 68. Likewise, this court held the trial court erred in denying relief where a plaintiff failed to attend a hearing due to a "secretarial scheduling error." *City of Pembroke Pines v. Zitnick*, 792 So. 2d 677, 678 (Fla. 4th DCA 2001); *see also U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 494 (Fla. 4th DCA 2014) ("A mistake sufficient to set aside a judicial [foreclosure] sale is shown where the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent the owner there for that purpose was not present."); *Fernandez v. Suburban Coastal Corp.*, 489 So. 2d 70, 72 (Fla. 4th DCA 1986) (holding failure to bid resulted from agent's failure to calendar sale date).

2

"Excusable neglect must be proven by sworn statements or affidavits." *Elliot*, 31 So. 3d at 307 (quoting *Geer v. Jacobson*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004)). In the instant case, SunTrust provided affidavits explaining the clerical mishap that led to its counsel's absence from the trial. While this court has been liberal in its application of the excusable neglect doctrine, relying on that doctrine should not be a litigation strategy. A party cannot obtain relief from a foreclosure sale "solely by reference to that party's own lack of diligence." *John Crescent, Inc. v. Schwartz*, 382 So. 2d 383 (Fla. 4th DCA 1980); *see also Peterson v. Lake Surprise II Condo. Assoc.*, 118 So. 3d 313, 313 (Fla. 3d DCA 2013) (holding no basis for relief from default judgment and resulting foreclosure sale where the mortgagee determined that it was not necessary to answer complaint); *Stamato v. Stamato*, 818 So. 2d 662, 665 (Fla. 4th DCA 2002) ("[P]laintiff's failure to ascertain whether the court had ruled is the type of inexcusable neglect which would bar relief . . . ."); *Nat'l Premium Budget Plan Corp. v. All Am. Assurance Co.*, 389 So. 2d 324, 325 (Fla. 3d DCA 1980) ("Excusable neglect sufficient to warrant vacating a default is not shown by mere proof that the defendant relied upon another to defend the action[.]").

In contrast to those inexcusable neglect cases, the attorney's unintentional absence in the instant case due to inadvertent calendaring is the type of mistake excused by Florida Rule of Civil Procedure 1.540(b), as well as judicial precedent. Since SunTrust established sufficient evidence to show excusable neglect and this court's precedents clearly demonstrate a pattern of holding similar errors by counsel to be excusable neglect, we hold that the trial court abused its discretion by denying SunTrust's motion to vacate the dismissal of its complaint.

*Reversed and Remanded.*

CIKLIN and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**