DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN KELLY** a/k/a **BRIAN K. KELLY,**
Appellant,

v.

**BANKUNITED, FSB,**
Appellee.

No. 4D14-2359

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia Imperato, Judge; L.T. Case No. CACE09-010729 (11).

Kirk J. Girrbach of Guardian Law Group of Florida, P.A., Fort Lauderdale, for appellant.

Gary M. Carman and Richard F. Danese of Gray Robinson, P.A., Miami, for appellee.

FORST, J.

Appellant Brian Kelly appeals the order denying his amended motion for attorneys' fees in an underlying foreclosure action. We find merit in Appellant's argument that, upon Appellee BankUnited's voluntary dismissal of the underlying foreclosure action, Appellant is the prevailing party below for purposes of entitlement to attorneys' fees under section 57.105(7), Florida Statutes. Accordingly, we reverse the trial court's order.

Appellee filed a foreclosure complaint against Appellant for defaulting on a loan. Appellant filed an answer and affirmative defenses, including a request for the trial court to "award costs and reasonable attorney fees as provided by 15 U.S.C. 1640(a) & (e), Fla. Statutes, Section 57.105, and the mortgage and note, and such other relief as this Court deems just and proper."

Final summary judgment was entered in favor of Appellee. Appellant filed an appeal of that judgment. During the pendency of the appeal, the subject property was sold to a third party by a short sale agreement

entered into by Appellant and Appellee.[1] Because of the short sale, Appellee moved to cancel the foreclosure sale, vacate the final summary judgment, dismiss the action, and return the original note and mortgage, which the trial court granted. However, neither party petitioned this court to dismiss Appellant's appeal of the final summary judgment before attempting to dismiss the action below.

Over a year after the short sale, we reversed the order of final summary judgment and remanded the case to the trial court for rehearing on Appellee's motion for summary judgment. *Kelly v. BankUnited, FSB*, 125 So. 3d 981 (Fla. 4th DCA 2013). On remand, Appellant moved for attorneys' fees and costs in the trial court, arguing that he is the prevailing party in the case and entitled to fees under the terms of the mortgage document and section 57.105(7). Upon a magistrate's recommendation, the trial court continued the motion until it could rehear Appellee's motion for summary judgment pursuant to our mandate. In a separate order, the trial court recognized that Appellee had voluntarily dismissed the case because of the short sale agreement.

After a hearing on his original motion for attorneys' fees, Appellant amended his motion and it again came before the court. The trial court denied Appellant's amended motion, which is the subject of the instant appeal.

Generally, a trial court's ruling on a motion for attorneys' fees is reviewed for abuse of discretion; "[h]owever, where entitlement depends on the interpretation of a statute or contract the ruling is reviewed *de novo*." *Mihalyi v. LaSalle Bank, N.A.*, 39 Fla. L. Weekly D2269, at *1 (Fla. 4th DCA Oct. 29, 2014).

Initially, we note that Appellant's request for fees in his answer to Appellee's complaint was sufficient to place Appellee on notice of Appellant's intent to seek attorneys' fees in the action. *See Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991). We also note that Appellee's attempt to voluntarily dismiss the case in the trial court while the final summary judgment order was pending on appeal is a nullity and therefore does not factor in the analysis below. *See Equibank, N.A. v. Penland*, 330 So. 2d 739, 739-40 (Fla. 1st DCA 1976).

---

[1] The agreement apparently made no mention with respect to responsibility for the payment of either party's attorneys' fees.

2

On the merits of whether Appellant was the prevailing party below for purposes of section 57.105, we find our recent decision in *Mihalyi* controlling. In that case, we held, "A plaintiff's voluntary dismissal makes a defendant the 'prevailing party' within the meaning of subsection 57.105(7), even if the plaintiff refiles the case and prevails." *Mihalyi*, 39 Fla. L. Weekly D2269, at *1; *see also Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. A determination on the merits is not a prerequisite to an award of attorneys' fees where the statute provides that they will inure to the prevailing party." (internal citation omitted)).

As Appellee voluntarily dismissed the foreclosure action against Appellant on remand from the reversal of final summary judgment, Appellant is the prevailing party for purposes of section 57.105(7), which entitles him to attorneys' fees and costs pursuant to the provisions in the mortgage document. Thus, we reverse the order denying Appellant's motion for attorneys' fees and remand for the trial court to grant the motion and conduct further proceedings as necessary.

*Reversed and remanded with instructions.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3