IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, as Trustee for the Certificate Holders CWABS INC., Asset-Backed Certificates, Series 2006-23,

      Appellant,

v.

MICHAEL DEPIERO and
JOYCE DEPIERO,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3065

Opinion filed December 16, 2015.

An appeal from the Circuit Court for Clay County.
Frederic A. Buttner, Judge.

Nicholas R. Cavallaro of Gilbert Garcia Group, P.A., Tampa, for Appellant.

Thomas R. Pycraft, Jr., John J. Spence, David D. Naples, Jr., and Michael J. Pelkowski of Pycraft Law LLC, St. Augustine, for Appellees.

PER CURIAM.

This is an appeal of an order denying Appellant's motion to vacate a final judgment of dismissal without prejudice. Appellant argues the trial court erred in

denying the motion to vacate without conducting an evidentiary hearing or considering the appropriate factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993). We agree and reverse the order denying the motion to vacate.

In its motion to vacate the dismissal, Appellant explained that counsel failed to appear at trial because an employee saved the trial notice to the wrong computer file. The motion was supported by various documents and three sworn affidavits. Courts have consistently found excusable neglect where an attorney fails to appear at a hearing due to secretarial error. See Elliot v. Aurora Loan Services, LLC, 31 So. 3d 304 (Fla. 4th DCA 2010) ("Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'") (quoting Somero v. Hendry Gen. Hosp., 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985)); Wilson v. Woodward, 602 So. 2d 547, 548-49 (Fla. 2d DCA 1992) (finding excusable neglect where secretary for the moving party's lawyer failed to calendar the hearing); see also J.J.K. Intern., Inc. v. Shivbaran, 985 So. 2d 66, 68-69 (Fla. 4th DCA 2008) (finding excusable neglect where lawyer's failure to appear for hearing was due to error by secretary in marking the hearing "cancelled" on calendar). Because the motion alleged a colorable claim for relief, Appellant is entitled to an evidentiary hearing on the motion. See Chancey v. Chancey, 880 So. 2d 1281 (Fla. 2d DCA 2004) ("If a rule 1.540 motion alleges a colorable

entitlement to relief, the circuit court should conduct a limited evidentiary hearing on the motion").

The trial court's order dismissing the action provided no written findings other than to state that Appellant received notice of the trial and failed to appear. Failure to apply the *Kozel* factors constitutes reversible error and requires remand for application of the correct standard. See BACHome Loans Servicing, L.P. v. Ellison, 141 So. 3d 1290, 1291 (Fla. 1st DCA 2014). The Court has explained that "[e]xpress findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation." Ham v. Dunmire, 891 So. 2d 492, 496 (Fla. 2004) (citing Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990)); see also Smith v. City of Panama City, 951 So. 2d 959, 962 (Fla. 1st DCA 2007).

We reverse and remand for an evidentiary hearing and consideration of the *Kozel* factors.

REVERSED AND REMANDED.

LEWIS, SWANSON, and WINOKUR, JJ., CONCUR.