IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VILLAS AT LAGUNA BAY CONDO.
ASSOCIATION, INC.,

      Appellant,

v.                             Case No.  5D15-1526

CITIMORTGAGE, INC.,

      Appellee.

_____/

Opinion filed April 22, 2016

Appeal from the Circuit Court
for Osceola County,
Robert J. Pleus, Jr., Senior Judge.

Jacob A. Brainard and Scott C. Davis,
of Business Law Group, P. A., Tampa,
for Appellant.

David Cramer and John D. Cusick, of
Phelan Hallinan Diamond & Jones, PLLC,
Fort Lauderdale, for Appellee.


PER CURIAM.

      The Villas at Laguna Bay Condominium Association, Inc. ("Association"), appeals

the final judgment rendered in favor of CitiMortgage, Inc. ("Appellee"), and the order

denying its "Motion for Rehearing, Reconsideration, and Relief from Judgment."

Concluding that the trial court erred in summarily denying this motion without a hearing, we reverse and remand for further proceedings.[1]

Appellee acquired a condominium unit located at the Villas of Laguna Bay Condominiums after successfully prosecuting a mortgage foreclosure suit and being the highest bidder at the public mortgage foreclosure sale. Association and Appellee thereafter disputed the extent of Appellee's liability for past-due assessments owed to Association by the prior owner of the foreclosed unit, resulting in Association filing a lien foreclosure action against Appellee. For reasons unrelated to the resolution of this appeal, Appellee moved for the entry of a summary final judgment and set the motion for hearing. Notably, the notice of hearing did not specify the name of the judge conducting the hearing. Instead, the hearing was to be held before "The Honorable Presiding Judge."

Association's counsel did not attend the hearing. The senior judge who presided over the hearing granted Appellee's motion and entered final judgment in favor of Appellee. Citing to rule 1.530 of the Florida Rules of Civil Procedure, Association's counsel timely moved for rehearing. In the motion and in his contemporaneously filed "Affidavit of Excusable Neglect," Association's counsel explained that his calendar reflected that the summary judgment hearing would be held telephonically and that he timely called the chambers of the judge assigned to the case multiple times to participate in the hearing, but that through either "mistake or miscommunication" counsel was never connected with the judge. Counsel further stated in his affidavit that his law firm's attorneys often appear telephonically for hearings in the circuit court

---

[1] We reject without further discussion Appellee's contention that we lack jurisdiction to consider this appeal.

below, but that it is also "the regular practice of [the firm] to have an attorney appear in person if required." The court denied Association's motion without a hearing.

We review the denial of a rule 1.530 motion for rehearing under the abuse of discretion standard. *Randall v. Walt Disney World Co.*, 140 So. 3d 1118, 1119 (Fla. 5th DCA 2014) (citing *Karimi v. Karimi,* 867 So. 2d 471, 473 (Fla. 5th DCA 2004)). Here, Association seeks relief based on the excusable neglect of its counsel in mistakenly calendaring the hearing as one counsel could attend telephonically. A calendaring mistake, due to administrative, clerical, or secretarial error or a "system gone awry," is one of the "foibles to which human nature is heir" that constitutes excusable neglect. *See Bank of N.Y. Mellon v. Depiero*, 178 So. 3d 552, 553 (Fla. 1st DCA 2015) (quoting *Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010)). Moreover, a calendaring error can constitute excusable neglect where the attorney, and not a secretary, commits the error. *SunTrust Mortg. v. Torrenga*, 153 So. 3d 952, 953–54 (Fla. 4th DCA 2014).

It is axiomatic that "Florida courts have a preference for deciding cases on the merits of the claims rather than on a technicality." *Id.* at 953 (citing *J.J.K. Int'l, Inc. v. Shivbaran,* 985 So. 2d 66, 69 (Fla. 4th DCA 2008)). In the present case, because Association's motion for rehearing was supported by an affidavit from its counsel establishing colorable grounds that excusable neglect occurred, we hold that the trial court abused its discretion in denying the motion without conducting an evidentiary hearing. *See Torrenga*, 153 So. 3d at 953–55; *Depiero*, 178 So. 3d at 553 (holding that where a motion sets forth such a "colorable claim for relief, [the movant] is entitled to an evidentiary hearing on the motion" (citing *Chancey v. Chancey,* 880 So. 2d 1281, 1282

3

(Fla. 2d DCA 2004))). Accordingly we reverse the denial of the motion for rehearing and remand for an evidentiary hearing to address the merits of the motion.[2]

REVERSED and REMANDED.

WALLIS, LAMBERT, and EDWARDS, JJ., concur.

---

[2] Based upon our disposition of this appeal, we decline to address or comment on the merits of the other issues raised.