IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

COLLINS ASSET GROUP, LLC,

      Appellant,

 v.                                     Case No.  5D15-1544

LUISA LEE,

      Appellee.

_____/

Decision filed June 17, 2016

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Mark E. Pollack, of Pollack & Rosen, P.A.,
Coral Gables, for Appellant.

No Appearance for Appellee.


PER CURIAM.


     AFFIRMED.


BERGER and WALLIS, JJ., concur.
LAMBERT, J., concurring specially with opinion.

LAMBERT, J., concurring specially.                                      5D15-1544

Appellant filed a one-count complaint against Appellee, seeking money damages

for the non-payment of a promissory note. Appellee failed to respond to the complaint,

and a clerk's default was entered against her upon Appellant's motion. Appellant took no

further action and the case sat dormant for approximately four months until the trial judge

entered an order directing Appellant to file a status report within thirty days, if Appellant

had not otherwise noticed the case for trial. The order was mailed directly to the attorney

who had filed the motion for default and contained a caveat that an unexcused failure to

comply with the order could lead to sanctions, including dismissal of the action.

Appellant or, more particularly, Appellant's counsel did not comply with this order.

The trial court thereafter entered the order on appeal, which dismissed the entire action.

This final order was mailed directly to the attorney who filed the motion for default.

Eight days after this final order was rendered, Appellant, now through the attorney

who filed the complaint,[1] filed an unverified "Motion for Rehearing and/or Motion for Relief

from Order," unaccompanied by affidavits, arguing excusable neglect for failing to

respond to the order to file a status report.[2] In this motion, counsel basically states that:

(1) the case should not be dismissed for lack of prosecution; (2) the court or the clerk of

court sent the order to a different attorney in the firm; (3) although the law firm received

the order, counsel who filed the rehearing motion had not seen it; and (4) the case had

---

[1] The attorney who filed the complaint and the attorney who filed the motion for default are partners in the same law firm.

[2] Florida Rule of Civil Procedure 1.530 provides for the filing of motions for rehearing and rule 1.540 pertains to motions to vacate final judgments or final orders. Neither rule was cited in the motion.

2

not been previously tasked to him to take action. Counsel also provided the untimely status report. The trial judge denied the motion without a hearing.

Whether Appellant's motion was brought pursuant to rule 1.530 or 1.540, the abuse of discretion review standard applies. *See Kelly v. BankUnited, FSB*, 125 So. 3d 981, 981 (Fla. 4th DCA 2013) (stating a trial court's denial of relief from a final judgment for excusable neglect is reviewed for abuse of discretion). I conclude that the trial judge did not abuse her discretion in denying the "Motion for Rehearing and/or Motion for Relief" from the final order. "Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient." *Greer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004) (quoting *DiSarrio v. Mills*, 711 So. 2d 1355, 1356 (Fla. 2d DCA 1998)). Furthermore, unless the motion and supporting affidavits state a claim of "colorable entitlement to relief," an evidentiary hearing on the motion is not required. *Richards v. Crowder*, 41 Fla. L. Weekly D1133 (Fla. 4th DCA May 10, 2016) (citations omitted). Here, Appellant's motion was insufficient as it was neither a sworn statement nor accompanied by an affidavit. Additionally, the allegations in Appellant's motion, whether sworn to or not, and the facts described therein and set forth above do not establish a colorable entitlement to relief.

Lastly, the final order of dismissal was imposed as a sanction. When such an order is rendered due to an attorney's failure to adhere to a filing deadline, the Florida Supreme Court has adopted a set of six factors that trial courts should consider before dismissing the action. *See Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993). The trial judge is also required to make express findings as to these factors in the dismissal order or judgment. *Bank of N.Y. Mellon v. Depiero*, 178 So. 3d 552, 553 (Fla. 1st DCA 2015). In

the present case, the judge did not make these findings.  However, Appellant waived this potential issue by not raising it in the initial brief.  *See City of Miami v. Steckloff*, 111 So. 2d 446, 447 (Fla. 1959) ("[P]oints covered by a decree of the trial court will not be considered by an appellate court unless they are properly raised and discussed in the briefs."); *Anheuser-Busch Cos. v. Staples*, 125 So. 3d 309, 312 (Fla. 1st DCA 2013) (holding that an appellate court is "not at liberty to address issues that were not raised by the parties" (citations omitted)).

Based on the foregoing, I agree that affirmance is appropriate.