DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FAST FUNDS, INC.,**
Appellant,

v.

**AVENTURA ORTHOPEDIC CARE CENTER, et al.,**
Appellee.

No. 4D18-3534

[September 18, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2018-CA-008123-XXXX-MB.

Michael B. Feiler of Feiler & Leach, P.L., Coral Gables, for appellant.

Timothy D. Kenison and William T. Viergever of Sonneborn Rutter Viergever Burt & Lury, P.A., West Palm Beach, for appellee.

CONNER, J.

Fast Funds, Inc. ("Appellant") appeals the trial court's equitable distribution order and its order denying Appellant's Florida Rule of Civil Procedure 1.530 motion for reconsideration. Because Appellant's timely filed motion stated a colorable entitlement to relief based on excusable neglect and was supported by an affidavit, we reverse the trial court's order denying the motion and remand for further proceedings.

*Background*

An accident victim ("Petitioner") filed a petition for declaratory judgment seeking to determine the equitable distribution of a bodily injury award entered in his favor through a personal injury arbitration. The respondents in the proceeding were the medical providers who treated Petitioner, as well as funding companies which provided monetary advances to Petitioner based on his claim. According to the petition, Appellant was one of the funding companies seeking repayment and interest for the total amounts it loaned to Petitioner.

On July 6, 2018, Appellant was simultaneously served with the petition and a separate notice that a hearing on the petition was set for 8:30 a.m. on September 24, 2018. The hearing was intended to be a final hearing, scheduled for a time period during which the trial court typically conducted a short hearing docket (referred to in many circuits as a "uniform motion calendar" or "UMC hearing," in which hearing time is limited to five minutes per side and no evidence is taken).[1]

Appellant filed its response to the petition, claiming entitlement to the full balance of the amounts it loaned, superior to all other expenses incurred by Petitioner, except for attorney's fees.

A hearing was held on the petition on September 24, 2018, as noticed. The record does not include a transcript of the hearing. Appellant did not appear for the hearing due to a clerical error in calendaring the hearing. However, on the day of the hearing, Appellant's counsel was copied on an email from an attorney who had attended the hearing to the trial court, alerting Appellant's counsel that the hearing had occurred. Appellant's counsel called the attorney who sent the email and was told that at the hearing, the trial court orally announced that only the stakeholders that appeared in court that morning would be considered in the final decision rendered by the trial court.

On that same day as the hearing and prior to the entry of any order by the trial court, Appellant filed a motion for the trial court to reconsider its purported *ore tenus* ruling that only those stakeholders who appeared at the hearing would be considered for any final decision. Appellant argued that due to a clerical error, its counsel was not advised of the hearing and had only learned the hearing occurred upon receiving the email described above. Appellant requested that the trial court reconsider its position regarding stakeholders who did not appear before making any final decision. Four days later, Appellant's motion was denied "for failure to comply with Rules of Civil Procedure."

Appellant then filed an amended motion again seeking the same relief

---

[1] The Petitioner clearly violated the Rules of Civil Procedure by serving a notice of final hearing with the original petition. An action is not ready to be set for a final hearing until 20 days after the last pleading is served. Fla. R. Civ. P. 1.440(a). Thereafter, any party may notice that the action is at issue. Fla. R. Civ. P. 1.440(b). Thereafter, the trial court sets the cause for trial. Fla. R. Civ. P. 1.440(c). Furthermore, it is apparent from a reading of the complaint and the answer that final resolution of the declaratory action should not have been set on a non-evidentiary hearing.

2

but additionally claiming that an effort was made to contact Petitioner's counsel the same day as the hearing. Petitioner responded to the amended motion, disputing the claim and contending that he would be prejudiced by requiring a new hearing. It does not appear Appellant's amended motion was ruled upon.

The trial court entered its final order in the declaratory action. The trial court acknowledged that court intervention was sought to equitably distribute the proceeds of the arbitration award. The trial court then named the three providers that had attended the September 24, 2018 hearing, one of which was Bethesda Hospital, Inc., the appellee in this case, and found that, although all of the providers had been properly noticed and served, they did not all choose to attend. Based on the information presented, the trial court then listed the distribution to which each of the attending providers was entitled, in addition to a distribution for attorney's fees and costs. Notably, the trial court's order also reflected a distribution to Petitioner in an amount substantially above the total amount loaned by Appellant.

Subsequently, Appellant filed a motion pursuant to Florida Rule of Civil Procedure 1.530. In this motion, Appellant asserted that despite having been served with notice of the September 24, 2018 hearing, the hearing was not calendared, but that this oversight was inadvertent and the result of clerical error. Appellant requested that the trial court "reconsider its *ore tenus* [ruling]" to the extent it excluded Appellant from presenting its position before rendering a final decision. In support of this motion, Appellant's counsel filed an affidavit indicating he did not know why the notice of hearing was not calendared and that he only found out about the hearing after it had already taken place, and "immediately took steps to rectify the matter." Finally, counsel indicated that Appellant only sought to claim against the funds awarded to the Petitioner, asserting that no additional prejudice would be suffered by any other stakeholder. The trial court denied the motion, citing Florida Rule of Civil Procedure 1.540 and *Suntrust Mortgage v. Torrenga*, 153 So. 3d 952 (Fla. 4th DCA 2014).

Appellant gave notice of appeal.

*Appellate Analysis*

A trial court's denial of relief from judgment upon a showing of excusable neglect, including relief pursuant to Florida Rule of Civil Procedure 1.530, is reviewed for an abuse of discretion. *See Kelly v. BankUnited, FSB*, 125 So. 3d 981, 981 (Fla. 4th DCA 2013).

3

In denying Appellant's rule 1.530 motion, the trial court cited rule 1.540 and our opinion in *Torrenga*. In *Torrenga*, we pointed out that "[u]nder Florida Rule of Civil Procedure 1.540(b), a party can seek relief from a final judgment based on mistake or excusable neglect, while Florida Rule of Civil Procedure 1.530(a) allows for rehearing or a new trial." *Torrenga*, 153 So. 3d at 953. Thus, we surmise that the trial court's basis for denying Appellant's motion was due to Appellant's failure to seek relief under rule 1.540(b).

"[R]ule 1.540(b) authorizes the trial court to relieve a party from a final judgment based upon 'mistake, inadvertence, surprise, or excusable neglect.'" *Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 416-17 (Fla. 4th DCA 2012) (quoting Fla. R. Civ. P. 1.540(b)).

> Rule 1.540(b) provides that if the terms are just, the court may relieve a party from a final order for mistake, inadvertence, surprise, or excusable neglect. To set aside the default pursuant to this rule, the court must determine: "(1) whether the defendant has demonstrated excusable neglect in failing to respond[;] (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, had demonstrated due diligence in seeking relief."

*Elliott v. Aurora Loan Services, LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (quoting *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007)). Notably, an attorney's unintentional absence "due to inadvertent calendaring is the type of mistake excused by [rule] 1.540(b)." *Torrenga*, 153 So. 3d at 954.

"Under rule 1.530, a party may move for rehearing of final orders in order 'to give the trial court an opportunity to consider matters which it overlooked or failed to consider.'" *Balmoral Condo. Ass'n v. Grimaldi*, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013) (quoting *Carollo v. Carollo*, 920 So. 2d 16, 19 (Fla. 3d DCA 2004)). Review of the case law indicates that excusable neglect causing a party to fail to appear for a final hearing has been grounds for granting relief under rule 1.530. For example, in *Kelly* we held that the trial court erred in denying a 1.530 motion for rehearing on summary judgment where the defendant's counsel failed to appear at the hearing due to "his secretary mistakenly scheduling multiple hearings at different courthouses at the same time." *Kelly*, 125 So. 3d at 981-82. We reasoned that counsel's failure to appear due to such secretarial error was excusable neglect and reversed and remanded to the trial court for rehearing of the motion for summary judgment. *Id.*

4

Similarly, in *Villas at Laguna Bay Condominium Ass'n v. CitiMortgage, Inc.*, 190 So. 3d 200 (Fla. 5th DCA 2016), upon which Appellant relies, a condominium association filed a rule 1.530 motion for rehearing in its lien foreclosure action against the owner of the property after the association's counsel failed to attend a hearing at which final summary judgment was entered in favor of the owner. *Id.* at 201-02. The Fifth District determined that the trial court abused its discretion in denying the motion where the association's motion "was supported by an affidavit from its counsel establishing colorable grounds that excusable neglect occurred." *Id.* at 202. In that case, counsel's affidavit stated "that his calendar reflected that the summary judgment hearing would be held telephonically and that he timely called the chambers of the judge assigned to the case multiple times to participate in the hearing, but that through either 'mistake or miscommunication' counsel was never connected with the judge." *Id.* at 201-02.

Likewise, in *Torrenga* the appellant filed a motion for rehearing, asserting the grounds of excusable neglect for missing a hearing. We referenced rule 1.540(b) in *Torrenga* because it explicitly includes mistake or excusable neglect as grounds for relief from judgment. We also referenced rule 1.530(a) because it provides for a rehearing or new trial, if relief is appropriate. We explained that "[e]xcusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" *Torrenga*, 153 So. 3d at 954 (quoting *Elliott*, 31 So. 3d at 307). We said that "[e]xcusable neglect must be proven by sworn statements or affidavits." *Id.* (quoting *Elliott*, 31 So. 3d at 307). After determining the record demonstrated sufficient evidence to show excusable neglect, we reversed the denial of the motion and directed the trial court to vacate its order of dismissal because the clerical mishap led to counsel's absence from the trial. *Id.*

In the instant case, Appellant concurrently filed a 1.530 motion for rehearing and trial counsel's affidavit stating that his absence was due to a clerical error in failing to calendar the hearing. We conclude that Appellant's motion stated a colorable entitlement to relief based on excusable neglect, and the trial court erred in denying the motion for rehearing as to Appellant.

Based on the foregoing, we reverse the order denying Appellant's 1.530 motion and remand for the trial court to conduct a new final hearing on the petition as to Appellant.

*Reversed and remanded for further proceedings.*

WARNER and GERBER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***