# Third District Court of Appeal
## State of Florida

Opinion filed August 9, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-373
Lower Tribunal No. 18-32373
_____

## Barton Protective Services, LLC, d/b/a AlliedBarton Security Services, et al.,
Appellants,

vs.

## Isadora Redmon, etc.,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Holland & Knight LLP, and Christopher N. Bellows, for appellants.

Ver Ploeg & Marino, and Michal Meiler; Obront Corey, PLLC, and Curt David Obront; Podhurst Orseck, P.A., Stephen F. Rosenthal and Christina H. Martinez, for appellee.


Before SCALES, LINDSEY and GORDO, JJ.

GORDO, J.

Allied Universal and U.S. Security Associates, Inc., et al., (collectively, "Allied") appeal a final judgment awarding $10,500,00.00 to Isadora Redmon ("Redmon"), as Personal Representative of the Estate of Andrew Darrell Griffin, Jr. ("Griffin"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because Allied's motion for relief raised a colorable entitlement to relief, the trial court was required to hold an evidentiary hearing. We therefore reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Redmon sued Allied for damages in connection with the shooting and death of Griffin at an apartment complex in Liberty City, Florida. Redmon alleged that Allied was required to provide security services at the apartment complex on the night of the shooting and as a result, should pay damages for Griffin's death. Allied answered and raised multiple affirmative defenses. The parties requested a jury trial. Instead, the trial court referred the case to nonbinding arbitration under Florida Rule of Civil Procedure 1.820.

The arbitration took place on November 2, 2021. On November 30, 2021, the arbitrator served the decision by email to the parties. The email was sent to Allied's three attorneys of record and two paralegals. Upon receiving the email, the Allied attorneys spoke to each other and decided they would proceed with a trial on the merits. Each lawyer believed the other

2

would calendar the deadline for a motion for trial de novo and file the motion. The due date was not calendared.

Pursuant to Florida Rule of Civil Procedure 1.820(h), the due date for the motion for trial de novo was twenty days after service of the arbitration decision—here, December 20, 2021. On December 21, 2021, after no motion for trial de novo was filed by Allied, Redmon filed a motion for entry of final judgment pursuant to Rule 1.820(h) and the nonbinding arbitration decision. On December 22, 2021—prior to entry of any final judgment by the trial court—Allied's counsel filed a motion for trial de novo. On January 5, 2022—prior to entry of final judgment, Allied filed a motion for relief from the nonbinding arbitration judgment pursuant to Florida Rules of Civil Procedure 1.540, 1.820 and 1.090. Allied attached sworn affidavits by the attorneys, averring the deadline was missed by two days due to excusable neglect and since no final judgment had been entered, an enlargement of time for filing a motion for trial de novo was permissible under Rule 1.090.

On January 26, 2022, the trial court heard the parties' pending motions. Allied argued it had raised a colorable claim of excusable neglect under Rules 1.540 and 1.090 and was entitled to an evidentiary hearing. Redmon argued that excusable neglect was not a basis to allow a late motion for trial

3

de novo or relief from a nonbinding arbitration decision or resulting judgment and that a lawyer's failure to calendar can never be excusable neglect.

The trial court denied Allied's request for an evidentiary hearing finding that the missed calendar deadline did not raise a colorable claim for excusable neglect. The trial court then entered a $10,500,000.00 final judgment against Allied and denied Allied's motion for relief from nonbinding arbitration judgment. This appeal followed.

## STANDARD OF REVIEW

"A trial court's denial of relief from judgment upon a showing of excusable neglect, including relief pursuant to Florida Rule of Civil Procedure 1.530, is reviewed for an abuse of discretion." Fast Funds, Inc. v. Aventura Orthopedic Care Ctr., 279 So. 3d 168, 171 (Fla. 4th DCA 2019).

## LEGAL ANALYSIS

We solely address the issue of whether Allied was entitled to an evidentiary hearing.[1] Allied argues the trial court erred by failing to grant Allied an evidentiary hearing on its motion for relief from the nonbinding arbitration judgment. Redmon argues the trial court correctly ruled without

---

[1] Because we are reversing the final judgment based on this ground, we expressly do not reach the other issues raised in this appeal. See Hill v. State, 535 So. 2d 354, 355 (Fla. 5th DCA 1988) ("No law of the case should be inferred from the fact that this opinion does not discuss the other issues raised on appeal.").

an evidentiary hearing because Allied failed to demonstrate a colorable basis of relief.

"Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." Cottrell v. Taylor, Bean & Whitaker Mortg. Corp., 198 So. 3d 688, 691 (Fla. 2d DCA 2016) (citation omitted). "A motion for relief from judgment should not be summarily [denied] without an evidentiary hearing . . . ." Schleger v. Stebelsky, 957 So. 2d 71, 73 (Fla. 4th DCA 2007) (citation omitted).

It is well-established Florida law that excusable neglect is found where an inadvertent calendaring error results in an attorney's failure to act. See Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1115–16 (Fla. 3d DCA 2017) ("Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" (quoting Elliott v. Aurora Loan Servs. LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010))); Suntrust Mortg. v. Torrenga, 153 So. 3d 952, 953 (Fla. 4th DCA 2014) (finding "the trial court abused its discretion by denying SunTrust's motion to vacate" because "the attorney's unintentional absence in the instant case due to inadvertent calendaring is the type of mistake excused by Florida Rule of Civil Procedure

5

1.540(b), as well as judicial precedent"); <u>Villas at Laguna Bay Condo. Ass'n, Inc. v. CitiMortgage, Inc.</u>, 190 So. 3d 200, 202 (Fla. 5th DCA 2016) ("[A] calendaring error can constitute excusable neglect where the attorney, and not a secretary, commits the error."); <u>Madill v. Rivercrest Cmty. Ass'n, Inc.</u>, 273 So. 3d 1157, 1161 (Fla. 2d DCA 2019) ("There's no question that the attorney's oversight was the result of careless human error. But absent something more, that's exactly what excusable neglect is. We hold, therefore, that the trial court abused its discretion by denying Madill's motion for an enlargement of time due to excusable neglect."); <u>J.J.K. Int'l, Inc. v. Shivbaran</u>, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) (holding counsel's failure to appear for the special set hearing was excusable neglect where the secretary accidentally marked the hearing as cancelled); <u>Wilson v. Woodward</u>, 602 So. 2d 547, 549 (Fla. 2d DCA 1992) (reversing and remanding because "the attorney presented uncontroverted evidence that he failed to appear at the hearing because of a mistake and not because of any willful and flagrant act."); <u>Suntrust Mortg. v. Torrenga</u>, 153 So. 3d 952, 953 (Fla. 4th DCA 2014) ("Florida courts have a preference for deciding cases on the merits of the claims rather than on a technicality.").

We find Allied's motion presents a colorable entitlement to relief based on excusable neglect. Where such a claim is raised and contested, the trial

6

court abuses its discretion in failing to conduct an evidentiary hearing on the motion.  See Oshana v. Lopiano, 314 So. 3d 311, 312 (Fla. 3d DCA 2020) ("Although we review a trial court's ruling on motions for relief from judgment for an abuse of discretion, once a party moving under rule 1.540(b) raises a colorable entitlement to relief exercising that discretion requires holding an evidentiary hearing.").  Accordingly, we reverse the entry of final judgment and denial of the motion for relief and remand for an evidentiary hearing.

Reversed and remanded with instructions.